

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-14-2003

# In Re Sandra Geiger

Precedential or Non-Precedential: Non-Precedential

Docket 01-2916

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"In Re Sandra Geiger " (2003). *2003 Decisions.* Paper 882.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/882

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-2916
_____

IN RE:  SANDRA GRACE GEIGER,
Debtor


SANDRA GRACE GEIGER,
Appellant

v.

ASSOCIATES HOME EQUITY CONSUMER DISCOUNT COMPANY


FREDERICK REIGLE, ESQUIRE,
Chapter 13 Trustee

_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 01-cv-02060)
District Judge:  The Honorable Berle M. Schiller

_____


Submitted Under Third Circuit LAR 34.1(a)
December 16, 2002


BEFORE: NYGAARD, ALITO, and McKEE, Circuit Judges.

_____

OPINION OF THE COURT

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Appellant, Sandra Grace Geiger, appeals from an order of the District Court, which had issued a split decision 1) affirming the Bankruptcy Court's ruling that Appellee's mortgage lien on property used solely by Appellant as her principal residence should have survived confirmation; but 2) reversing the Bankruptcy Court's ruling that Appellee was entitled to relief from the automatic stay. Appellant alleges as error the issues listed in paragraph I, taken from her brief. Because we conclude that the District Court did not err, we will affirm.

## I.

The allegations of error asserted by appellant are as follows:

1.    Did the Bankruptcy Court and District Court err in finding that the lien of creditor, Associates, survived the debtor's bankruptcy and discharge order and passed through the bankruptcy estate?

2.    Did the Bankruptcy Court err in holding that an adversary proceeding was a necessary predicate to the modification of a secured creditor's rights?

3. Was the claim of creditor, Associates, modified by the debtor's Chapter 13 plan?

4. Is the debtor's confirmed Chapter 13 plan to be considered as res judicata and collateral estoppel as to the claim of creditor, Associates, herein?

5. Did creditor, Associates, waive its right to object to confirmation by failing to file a proof of claim?

6. Did creditor, Associates, waive any objection to confirmation by failing to file an objection to confirmation and failing to appear for confirmation hearing and by thereafter waiting a period of more than six months to object subsequent to confirmation?

7. Was any objection which could have been interposed by creditor, Associates, subsumed in the confirmation process?

## II.

The facts and procedural history of this case are well known to the parties and the court, and it is not necessary that we restate them here. The reasons why we write an opinion of the court are threefold: to instruct the District Court, to educate and inform the attorneys and parties, and to explain our decision. None of these reasons are presented here. We use a not-precedential opinion in cases such as this, in which a precedential opinion is rendered unnecessary because the opinion has no institutional or precedential value. *See* United States Court of Appeals for the Third Circuit, Internal Operating

Procedure (I.O.P.) 5.3. Under the usual circumstances when we affirm by not-precedential opinion and judgment, we briefly set forth the reasons supporting the court's decision. In this case, however, we have concluded that neither a full memorandum explanation nor a precedential opinion is indicated because of the very extensive and thorough opinion filed by Judge Schiller of the District Court. Judge Schiller's opinion adequately explains and fully supports its order and refutes the appellant's allegations of error. Hence, we believe it wholly unnecessary to further opine, or offer additional explanations and reasons to those given by the District Court, why we will affirm. It is a sufficient explanation to say that, essentially for the reasons given by the District Court in its opinion dated the 9th day of July, 2001, we will affirm.

## III.

In sum, for the foregoing reasons, we will affirm the order of the District Court dated the 9th day of July, 2001.

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/ Richard L. Nygaard
Circuit Judge